JOSEPH CUNAT *et al.* Defendants in Error, *vs.* THE SU-
PREME TRIBE OF BEN HUR, Plaintiff in Error.

*Opinion filed April 19, 1911.*

1. BENEFIT SOCIETIES—*certificate is not void because one of the
beneficiaries is ineligible.* A benefit certificate is not void because
one of the beneficiaries named therein is ineligible under the law.

2. SAME—*when eligible beneficiary is entitled to entire amount.*
If one of the two beneficiaries named in the certificate is ineligible
the other is entitled to the entire amount of the certificate, where
there was no attempt in the certificate to designate the portion
each beneficiary was to take.

3. SAME—*statement that persons named as beneficiaries were
the member's cousins is not a warranty.* A statement in a bene-
fit certificate that the beneficiaries named, who were husband and
wife, were cousins of the insured is not a warranty, and the cer-
tificate is not void because of the fact that the wife, only, was a
cousin of the insured.

4. PARTIES—*when right of plaintiffs to sue jointly cannot be
questioned in court of review.* The right of the plaintiffs to sue
jointly on a benefit certificate cannot be questioned in a court of
review where the question was not raised in the trial court by
propositions of law or in any other manner, although there was a
stipulation that any defense might be shown under general issue.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on appeal from the Municipal
Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge,
presiding.

This was an action commenced in the municipal court
of Chicago by Joseph Cunat and Mary Cunat, the defend-
ants in error, against the Supreme Tribe of Ben Hur, the
plaintiff in error, a fraternal beneficiary association, upon
a benefit certificate issued by the plaintiff in error upon the
life of Katherine Hubicka for the sum of $1400, in which
Joseph Cunat and Mary Cunat were named as beneficiaries.
The case was tried before the court without a jury and a
judgment was rendered in favor of the defendants in er-

ror for the sum of $1522.50, which has been affirmed by
the Appellate Court for the First District, and the record
has been removed into this court for further review by writ
of *certiorari.*

The plaintiff in error was organized under the laws of
the State of Indiana and is licensed to do business in this
State, and is authorized to pay death benefits to the fami-
lies, heirs, blood relatives, affianced husbands and affianced
wives of or persons dependent upon its members.  In the
application the insured stated Joseph and Mary Cunat bore
to her the "relationship of cousins."  It appeared from the
stipulation of the parties that Joseph Cunat and Mary Cu-
nat were husband and wife; that Mary Cunat was a cousin
of the insured but that Joseph Cunat was not related to her,
and it was conceded by the defendants in error that Joseph
Cunat was not eligible as a beneficiary and not entitled to
any part of the money agreed to be paid under the bene-
ficiary certificate issued to the insured.  Katherine Hubicka
died March 15, 1907.  Propositions of law were submitted,
some of which were held and others refused.

MANN & MILLER, and ARTHUR J. DONOVAN, (BENJA-
MIN CRANE, of counsel,) for plaintiff in error.

L. A. KAPSA, and CHARLES C. SPENCER, for defendants
in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the naming of Joseph Cunat
in the application as a beneficiary when he was not eligible
had the effect to avoid the benefit certificate.  This con-
tention cannot be sustained.  In *Norwegian Old People's
Home Society* v. *Wilson,* 176 Ill. 94, a benefit certificate
was issued by the Policemen's Benevolent Association to
Elef Danielson, and the Norwegian Old People's Home
Society and P. J. Danielson, a brother of the insured, were

named as beneficiaries. The benefit certificate provided that one-half of the insurance should be paid to each of the said beneficiaries, and it was held that the benefit certificate was not void although the Norwegian Old People's Home Society was ineligible as a beneficiary, and that one-half of the amount of the benefit certificate should be paid to P. J. Danielson and the remaining half to Daisey E. Wilson, the daughter and only heir of the insured. To the same effect is *Grimme* v. *Grimme,* 198 Ill. 265.

It is next contended that if the benefit certificate is not avoided by naming Joseph Cunat as a beneficiary, Mary Cunat, who was eligible, only takes one-half of the insurance. In the certificate issued to Katherine Hubicka the fund was not apportioned between the beneficiaries, as it was in the *Wilson case,* and we think the trial court correctly held that Mary Cunat took the entire fund. In *Beard* v. *Sharp,* 100 Ky. 606, the court held that where an ineligible beneficiary was named the entire fund would go to an eligible beneficiary named in the benefit certificate. To the same effect is *Caudell* v. *Woodward,* 96 Ky. 646.

It is further contended that the insured warranted or falsely represented the statement "bearing to me the relationship of cousins" to be true, and that unless the statement was literally true the benefit certificate was void. The benefit certificate contained the usual covenants that the insured warranted the truth of her representations. The language above quoted amounted only to a direction by the insured to the association as to whom the insurance, upon her death, should be paid, and did not amount to a warranty or false representation and did not have the effect to avoid the benefit certificate. *Minnesota Mutual Life Ins. Co.* v. *Link,* 230 Ill. 273.

It is finally contended that the action cannot be maintained in the joint names of Joseph and Mary Cunat. The declaration consisted of five counts and the general issue was filed, with a stipulation that any defense could be made

under the general issue which could have been made if properly pleaded, and the question of the right of defendants in error to sue jointly does not appear to have been raised in the trial court by any proposition of law submitted to the court and it cannot be raised in a court of review for the first time. In no event did the joining of Joseph Cunat with Mary Cunat as a co-plaintiff injure the plaintiff in error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*