SYKES *v.* ARMSTRONG.

[71 South. 262.]

1. INSURANCE. *Mutual benefit insurance. Right of beneficiary. Executors and administrators. Expenses of administration. Interest on insurance policy. Benefits. Provisions of charter and by-laws. Lapse.*

The beneficiary in a mutual benefit policy has no vested interest in same during the life of the insured his right is inchoate, imperfect and ambulatory, until the death of the insured, and so where the beneficiary dies before the insured, the proceeds of the policy upon the death of the insured goes to his estate and not to the estate of the beneficiary who died first.

2. EXECUTORS AND ADMINISTRATORS. *Expenses of administration.*

In such case the cost of administering the estate of the beneficiary are not chargeable upon the proceeds of the policy of insurance.

3. MUTUAL BENEFIT INSURANCE. *Benefits. Provisions of charter and by-laws.*

In determining who is entitled to receive the benefits of mutual benefit associations, wherein the money contributed by its members provides the fund from which the benefits are paid, we should give a liberal construction to the by-laws of the association so as to effect the purpose of the parties to the contract.

4. SAME.

The constitution and by-laws of this order simply mean that when the beneficiary named under the policy, is dead or when there is no named beneficiary in the policy, then the proceeds of the same go to the widow, orphans or legal representatives, that the named beneficiaries take under the policy the amount they would inherit from the decedent in case of his intestacy, as if it was a part of his estate, subject, however, to the cost of the administration of the estate of the insured.

5. INSURANCE. *Benefits. Lapse.*

In no case where there are of the class living who are designated as probable beneficiaries in the policy does the insurance entirely lapse or is it uncollectible.

APPEAL from the chancery court of Monroe county.

HON. J. Q. ROBBINS, Chancellor.

Clara E. Sykes excepted to the final account of James D. Armstrong, administrator of the estate of Alice Sykes, deceased, and also of the estate of W. M. Sykes, deceased. Decree for the administrator overruling exceptions, and the exceptor appeals.

The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

Counsel for appellee argue in opening his brief that the court did not commit error, because if Alice Sykes had no vested interest in the money derived from this certificate, neither did the estate of William Sykes; and we agree with him that this is unquestionably correct, but he is in error when he states further that Clara Sykes, the ap-

pellant, could not have collected from the O. F. B. A. this money by suit either in law or equity "because she was not named in the policy." Counsel then cites the case of *Warner* v. *Modern Woodmen of America*, 108 A. S. R. 634, as sustaining this argument. He also argues that the O. F. B. A. had the right to retain this money itself and refers to the same case as sustaining his assertion. We respectfully submit first, that his argument is unsound; and second, that the authority relied upon does not substantiate the argument nor is it of any aid to the court in the decision of this case because it is not in point.

The case of *Warner* v. *Modern Woodmen of America*, cited by counsel and relied upon is not in point. In that case the member had designated his legal heirs as beneficiaries; he died unmarried, intestate leaving "no children, relative, kindred, legal heirs or others sustaining such relation to him as would entitle them to become beneficiaries under the terms of the certificate and by-laws of the association." In the suit between his administrator and the association, the court rightfully held that the administrator had no right to the funds; but the court based its ruling solely and alone on the fact that there was no one in existence who could have been made a beneficiary under the terms of the certificate and by laws and consequently the administrator being no such person was not entitled to recover. But in the case at bar it appears that when the designated beneficiary, Alice Sykes, had died and that then Wm. Sykes died leaving appellant as his widow, there was then in existence appellant, the second wife and widow, who could have been made beneficiary under the terms of the certificate and constitution; and one whom we insist was designated by the very law of the F. O. B. A. as the beneficiary, entitled to the proceeds. We assert that the case is in the same attitude as if William Sykes had named no beneficiary, in which even, under the law of Mississippi, the constitution of the O. F. B. T. must be looked to for direction and if the constitution specifically

111 Miss.]                Brief for appellant.

designated the fund to be paid to the "widow, orphan or legal representative," which is clearly a preferential designation, the punctuation and the disjunctive "or" used intentionally by the framers of the laws of the order, the constitution thus naming the beneficiary as the widow in preference to the orphan is thus not naming the widow and orphan jointly as beneficiaries.

Counsel for the appellee also says that the money was paid over to the administrator of Alice Sykes' estate; this is true but that does not give the children of Alice Sykes any right to this fund as against appellant; appellant's rights are protected by the direction of the constitution of the order and her rights cannot be impaired or jeopardized by any action of the order. In addition to this in an authority cited by the court the *Warner Case, ubi supra,* on page, 639-640 it is held that: "When the money is thus paid to the administrator who is not entitled to it (as was done in the case at bar) the administrator can only hold the fund as trustee for the claimants who might bring themselves within the class of beneficiaries." Since appellant is described as beneficiary by the constitution when it says to be paid the widow, etc., the administrator of Alice Sykes' estate merely holds the money or collected it as trustee for appellant.

The only other case cited by appellee is that of *Expressmans' Mutual Ben. Ass'n.* v. *Hourlock,* 80 A. S. R. 470. We say of this authority, first, that it is not in point and second that it is not sound law and is opposed to the holdings of a majority of the state courts and expressly contrary to the decisions of the state of Mississippi.

In counsel's brief he says on page 3 that the "contract was at an end when Alice Sykes died and no new beneficiary was named by the insured that it was no more than blank paper, no one could collect the insurance by law, etc." We submit that this is a *nonsequiter* and bald assertion by counsel not supported by law but on the contrary in the very teeth of the authority he had

previously cited, to wit: *Warner* v. *Modern Woodmen of America.* This assertion is opposed to the very terms of the constitution, and by the action of the O. F. B. A. in paying this money, he is contradicted. Counsel asserts further that the chancellor "Folded the cloak of humanity around the fireside of·the home of William Sykes and said: 'This is the fruit of the labor of your father and mother who have gone to their reward, etc.' and then awarded the money to children of Alice Sykes." We have very serious doubt about the chancellor having had any such thoughts in his mind; if he did, he failed to give expression to them and if he did he had no evidence in the case to sustain him.

Counsel also cites the case of *Saffold* v. *Horne,* 72 Miss. 470, to the effect that grammatical construction will not be allowed to override the manifest intention of an instrument. We agree with him that this is the law and we submit to the court that the court should not allow the grammatical construction by the chancellor, not warranted by the rules of grammar, to override the manifest intent of the constitution of the O. F. B. A. and should consequently reverse the action or decree of the lower court in overriding the clear intention of the constitution and should enter a decree here for the amount of the money shown to be due, to wit: nine hundred and seventy-five dollars.

*Chas. L. Tubb,* for appellee.

We submit and claim that the chancellor did not commit an error in his decrees ordering the money distributed in the W. M. Sykes estate, because if Alice Sykes had no vested interest in the money derived from the insurance policy, neither did the estate of W. M. Sykes have a vested interest, nor did Clara Sykes have a vested interest in the money or the policy of insurance, nor could Clara Sykes have collected the money by suit at law or equity from the society because she was not

named in the policy, nor had the policy been changed in her favor, and the insurance company or society did as it was authorized to do under the law by "waiving its right to keep the money and not let it revert to the society which it had a right to do, but paid the amount to the administrator of the estate of Alice Sykes, deceased," for that was the only legal way the society could have paid the money on the policy, because it had not been changed from the original beneficiary Alice Sykes.

"Mutual Benefit Associations. Reverting of the fund to where there is a failure to designate a beneficiary, or avoid designation, or the death of the beneficiary occurs before that of the assured, and no new beneficiary is named, the association is not liable." *Warmer* v. *Modern Woodmen of America,* 108 A. S. R. 634., and on page 639, Ib., in the case of *Ryan* v. *Bothweiler,* 50 Ohio St. 595, 35 N. E. 676, the insurance company abandoned all claim to hold the proceeds of the certificate. The question of the right of the administrator to take the proceeds was waived. *Expressman's Mutual Benefit Association* v. *Hurlock,* 80 A. S. R. 470.

Counsel cites 25 A. S. R. 260 to 264 and notes, which does not apply in this suit, because the society paid the money to the administrator of Alice Sykes, deceased, estate and waived its right to keep the amount in its treasury, which it had the right to do. The case of *Young* v. *Roach,* 61 So. 984, cannot apply in the case at bar, because the policy of insurance in that case was payable to a party living and she had the right to collect and receive the money direct from the society without administration, etc. The case cited by counsel for appellant, American Annotated Cases, 1913 "A," at page 299 cannot apply in this suit because that was a question of whether a grand-child should take its mother's share in a policy of insurance who had died, before the insured; neither does the case cited by counsel in American Annotated Cases, 1913 "A," page 1243, because that case

was one in which the question was of the birth of a child under a void marriage.

For in the case at bar, the contract was at an end when Alice Sykes died and no new beneficiary was named by the insured, it was no more than blank paper; no one could collect the amount of the insurance by law, nor did the insurance company have to pay it but waiving their right to retain or keep it and paid to the administrator of the estate of Alice sykes, deceased, the beneficiary named in the policy. It is evident that the chancellor took that broad view of human neccessity and folded the cloak of charity around the fireside of the home of W. M. Sykes, deceased, and said, "this is the fruits of the labor of your father and your mother who have gone to their reward, and in the name of justice and the law, you shall have that which belongs to you."

As to the grammatical viewpoint counsel has gone into and labored a great length; I think it has been disposed of by our court in the case of *Saffold* v. *Horne,* 72 Miss. 470, which says: "Grammatical construction will not be allowed to override the manifest intent of an instrument." Also in the case of *Armory Mfg. Co.* v. *Gulf, etc. Ry. Co.,* 59 A. S. R. 65, punctuation, is a most fallible standard by which to interpret a writing; (the language quoted being that part of the opinion taken from the supreme court of the United States in *Ewing* v. *Burnet,* 11 Pet. 41.)

The court in construing the by-laws of the Odd Fellows Benefit Association in the case of *Shelton* v. *Minnis,* 65 So. 114 (Miss). says: We should give a liberal construction to the by-laws of the association so as to effect the purposes of the parties to the contract (and noting the constitution and by-laws.) Also see *Foote* v. *Grand Lodge of Colored Knights of Pythias,* 67 So. 901 (Miss.)

In the case of *Grand Lodge of Colored K. P.* v. *Harris,* 68 So. 75, 76 (Miss.), we have a case very much like the case at bar, the beneficiary being named as the wife of the insured, when in fact she was not his wife, who

probated her claim with the order after insured's death, and received payment of the amount due on the policy, the real wife in fact of the insured brought suit against the insurance company which was dismissed.

SYKES, J., delivered the opinion of the court.

This is an appeal from the decrees of the chancery court of Monroe county overruling exceptions of appellant to final accounts of the administrator, first, of the estate of Alice Sykes, deceased, and, second, of the estate of W. M. Sykes, deceased. W. M. (or Bill) Sykes at the time of his death held a policy of insurance in the Odd Fellows' Benefit Association of the District of Mississippi, payable to "Mrs. Alice Sykes, the wife of Bill Sykes, of Lodge 4028 at his death (if financial in the O. F. B. A.)," etc. The beneficiary, Alice Sykes, predeceased W. M. Sykes, leaving surviving her three children as the fruits of this marriage. W. M. Sykes at the time of his death was married to Clara Sykes, and left surviving him his wife, Clara, and his three children by his first wife, Alice Sykes. After W. M. (or Bill) Sykes' death, letters of administration were taken out by J. D. Armstrong as administrator, first, of the estate of Alice Sykes, and, second, of the estate of W. M. (or Bill) Sykes. The insurance order paid the amount due under the policy to the said Armstrong as administrator of the estate of Alice Sykes. This controversy arises over the question of who is entitled to the proceeds of this insurance policy. The appellant, Clara E. Sykes, claims that she is entitled to the entire amount, basing her claim on section 2 of the constitution and by-laws of the order, which reads as follows:

"*Purpose.* Sec. 2. To provide a fund to be paid to the widow, orphan or legal representatives of deceased Odd Fellows and inmates of the household of Ruth within the jurisdiction of the District Lodge and Household under said jurisdiction."

Appellant claims that by virtue of the above section of the constitution it is provided that in case there is a lapse of the named beneficiary or, if there be no beneficiary designated, the proceeds of the policy go to one of those designated in section 2, that these beneficiaries are named disjunctively in said section, and that the meaning of same is that the proceeds should go, first, to the widow, or, in case there be no widow, then to the orphan, or, if there be no orphan, then to the legal representatives. The administrator of the estate of Alice Sykes claimed this amount as belonging to said estate, or, if mistaken in that, then he claimed that he was entitled to administer the same as administrator of the estate of William Sykes.

The learned chancellor in the court below held that it was no part of the estate of Alice Sykes, and ordered Armstrong, administrator of Alice Sykes' estate, to turn the same over to Armstrong, administrator of the estate of W. M. Sykes. In this he was correct. It is well settled in this state, as well as in a majority of states, that the beneficiary in a mutual benefit policy like this one has no vested interest in same during the life of the insured. In the case of *Carson* v. *Bank*, 75 Miss. 167, 22 So. 1, 37 L. R. A. 559, 65 Am. St. Rep. 596, this court says:

"It is settled that the right of a beneficiary of a benevolent society, like this of the Knights of Pythias, is inchoate, imperfect, and ambulatory until the death of the member holding the endowment certificate." *Rollins* v. *McHatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260.

In the case of the *Masonic Mutual Relief Association* v. *Mary McAuley et al.,* 2 Mackey (D. C.) 79, in passing upon this proposition, the court said:

"We think, therefore, the meaning of the language used by the husband in designating the beneficiary was that the benefits of this provision were to go to his wife only in case she survived him; and, as she did not survive her husband, the provision falls to the ground so far

as she is concerned, and the claims of her representatives are out of the question.''

The learned chancellor, however, ordered the costs of the administration of the estate of Alice Sykes to be paid out of this insurance fund. In this respect alone he committed error.

The principal contention in the case is that of appellant that she is entitled to the entire amount of this fund, and that it should not be equally divided among her and the children of W. M. (or Bill) Sykes, as was done under the decree of the court below. There are some cases holding according to this contention of appellant. It is our opinion, however, that this policy is too vague and uncertain to be construed in this way. This is a negro mutual benefit insurance society. As was stated by this court in the case of *Shelton* v. *Minnis,* 65 So. 115:

''It seems to us that in determining who is entitled to receive the benefits of mutual benefit associations, wherein the money contributed by its members provides the fund from which the benefits are paid, we should give a liberal construction to the by-laws of the association so as to effect the purposes of the parties to the contract.''

Again, in the case of *Grand Lodge, etc.,* v. *Harris,* in 68 So. 76, in delivering the opinion of the court, Judge Cook aptly said:

''In all of these cases the courts enforced the laws of the order as the law of the case, and held that the legal beneficiary was entitled to the fund.''

Applying these liberal rules of construction, it is our opinion that the constitution and by-laws of this order simply mean that when the beneficiary named under the policy is dead, or, when there is no named beneficiary in the policy, then the proceeds of the same go to the widow, orphan, or legal representative; that the named beneficiaries take under the policy the amount they would inherit from the decedent in case of his intestacy, as if it was a part of his estate. We approve of the reasoning and decision in the case of *Bishop, Administratrix,* v.

*Grand Lodge of the Empire Order of Mutual Aid of the State of New York,* 112 N. Y. 627, 20 N. E. 562, which is a case very much like the case at bar, and in which the same contention was made as is made here by the appellant. The opinion of the court was delivered by Justice Peckham. On page 634 of 112 N. Y., on page 565 of 20 N. E., the court in part says:

"It is true the act and the constitution fail to state which it shall be in case no direction is given, whether it shall be the family, the heirs, or legal representatives; but we think this expression should be construed with reference to the general purpose of the corporation, and, having such purpose in view, we think it was really meant, and that it should be held to include these who would take such property as in cases of intestacy."

Again on page 636 of 112 N. Y., on page 566 of 20 N. E., the opinion says:

"In deciding here that, in the absence of the certificate, the beneficiary fund would go to those who by the general laws of the state would take the money, we do not mean that the money would go as a part of the estate of the deceased, subject to the payment of his debts; but it would be a special fund, subject to the exemption provided for in the act of incorporation, and not to be liable for the payment of the debts of the decedent or to be taken on any process for the payment of such debts. We also think the plaintiff had sufficient interest in the fund to sustain this action in her capacity as administratrix."

Under this authority it is our opinion that the administrator of the estate of Bill Sykes had a right to distribute this fund as a trust fund for the benefit of the wife and children. That the same did not form any part of the estate of the deceased, Bill Sykes. The fund, however, is subject to the costs of the administration of the estate of William Sykes as was adjudged by the chancellor. In conclusion we therefore say that we cannot agree with the learned counsel for the appellant in their posi-

tion that the living wife is entitled to the entire proceeds of this policy. The laws and constitution are not sufficiently plain for this construction. This being true, we adopt the liberal rule that those named in the constitution and by-laws as being parties for whom this fund is provided, where the beneficiary has lapsed, as in this case and where no other beneficiary has been designated, are by the terms of the constitution and by-laws entitled to share in the proceeds of same to the same extent that they would share in the estate of the decedent.

We further hold that in no case where there are any of the class living who are designated as probable beneficiaries in the policy does the insurance entirely lapse or that it is uncollectible. The decree of the lower court is affirmed except as to the payment of the costs of the Alice Sykes' estate, which part of the decree is reversed.

*Affirmed in part and reversed in part.*