WHITE ET AL V. WHITE.

[71 South. 322.]

1. INSURANCE. *Mutual benefit insurance. By-laws of association. Policies. Beneficiaries.*

Where a member of a fraternal insurance order took out a policy in the order naming his infant child as beneficiary and delivered the policy to his wife and afterwards left his wife and lived with another woman unlawfully and by means of a false affidavit that the policy had been mislaid and could not be found obtained the issuance of a new policy, payable to his concubine and illegitimate son. In such case objections that the second policy was not issued in accordance with the by-laws of the order can be raised only by the order, and are not available to the original beneficiary.

2. SAME.

In such case while it is true that the first certificate was not actually surrendered to the association and cancelled, it was to all intents and purposes, cancelled by the issuance of the new policy and the beneficiary under the first policy can predicate no right to this fund upon such canceled policy, even should it be held that the second policy is void because issued to an ineligible beneficiary.

3. INSURANCE. *Fraternal insurance. Beneficiaries.*

Where an insurance policy in a fraternal order did not provide for apportionment, and one of the beneficiaries was ineligible, the other beneficiary was entitled to the entire proceeds of the policy to the exclusion of a beneficiary named by a previous policy which had been cancelled by the issuance of the second policy.

APPEAL from the chancery court of Yazoo county. HON. P. Z. JONES, Chancellor.

Bill of interpleader by the Odd Fellows' Benefit Association of the G. U. O. of O. F. District of Mississippi, against A. W. White and others. From a judgment for Estelle White, A. W. White and another appeal.

The facts are fully stated in the opinion of the court.

*Barbour & Henry,* for appellants.

*Percy Bell,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The Odd Fellows' Benefit Association of the G. U. O. of O. F., District of Mississippi, a negro benevolent insurance association, exhibited its. bill in the court below against Andrew W. White, Ada White, and Estelle White, alleging that on March.3, 1907, it issued its policy of insurance on the life of J. W. White, payable to Ada and Andrew White in the sum of five hundred dollars; that J. W. White is now dead, and that payment of the policy is demanded of it by Ada and Andrew White, and also by Estelle White, the latter claiming to be the beneficiary in a policy formerly issued by the association on the life of J. W. White, and for which, during his lifetime, the' policy payable to Ada and Andrew White had been substituted. With this bill, the association paid into court the amount due under the policy, and prayed that it be discharged from further liability thereon, and that the defendants, Ada, Andrew, and Estelle White, be summoned to "make claim to the said sum here paid into court," and that the court on final hearing, render a decree, determining and ascertaining to whom said money should be paid. Pursuant to the summons issued in accordance with the prayer of this bill, Estelle White appeared and filed an answer and cross-bill, claiming to be entitled to the fund, which claim was denied by the answer of Ada and Andrew White, who, themselves, claimed to be entitled thereto.

The evidence disclosed that J. W. White obtained a policy from the Odd Fellows' Benefit Association, etc., payable to his infant daughter, Estelle, which policy was delivered to his wife, the mother of Estelle; that afterwards, the insured and Estelle's mother separated, and he

thereafter unlawfully cohabited with appellant, Ada White, that on April 30, 1912, the association, at his request, changed the beneficiary in the policy on his life by issuing a new policy, payable to ''Mrs. Ada White and Andrew W. White, wife and son;'' that, in order to do this, he executed and delivered to the association an affidavit, reciting that:

''His policy has been mislaid and lost and cannot be found, and that he wishes a new policy issued and made payable, as, beneficiaries, to his wife, Ada White, and to his son Andrew W. White, share and share alike after burial expenses have been fully paid and satisfied.''

At the time this affidavit was made, the policy therein referred to was not lost, but was in the possession of Estelle's mother, which fact it is claimed by Estelle was known to her father.

It was claimed by Estelle that Andrew White is not the son of J. W. White. The chancellor, however, found as a fact that he is the son of J. W. White, but awarded the money paid into court by the association to Estelle.

The contention of counsel for appellee, as we understand his argument, is that the policy payable to Ada and Andrew White is void, and that the original policy, payable to Estelle White, is still in force, for the reasons: First. That the change in the beneficiary, or substitution of the second policy for the first, was not made in accordance with the by-laws of the association. Second, that the substitution of the second policy for the first was fraudulently obtained by J. W. White, without the surrender of the first, by means of two false statements: (a) That the first policy was lost; and (b) that Ada White was his wife. Third, that Ada White, one of the beneficiaries in the second policy, is not one of the class for whose benefit the association is authorized to issue its policies of insurance.

The first two contentions must necessarily be disposed of adversely to appellee, for the reason that they relate to matters which can be availed of only by the associa-

tion. *Hall* v. *Allen,* 75 Miss. 175, 22 So. 4, 65 Am. St. Rep. 601. If both of the beneficiaries in the second policy were ineligible as such, a different question would be here presented, and we would then be called upon to determine whether or not the case, in this connection, falls within the rule announced in *Carson* v. *Bank,* 75 Miss. 167, 22 So. 1, 37 L. R. A. 559, 65 Am. St. Rep. 596.

While it is true that the first certificate was not actually surrendered to the association and cancelled, it was, to all intents and purposes, canceled by the issuance of the new policy. This being true, Estelle "can predicate no right to this fund upon such" canceled policy, even should it be held that the second policy is void because issued to an ineligible beneficiary. *Carson* v. *Bank, supra.* The cases cited from other states, holding that, where the substituted policy is void, because issued to an ineligible beneficiary, the original policy remains in full force and effect, are in conflict with the case just cited, and therefore are of no value here.

It is true that Ada White is not within the class to whom the association is authorized to issue its policies, but that fact does not render the policy void. It simply eliminates her from any right to participate in the benefits thereof, leaving the policy in full force and effect so far as the other beneficiary is concerned, who is entitled to the whole fund, the policy not providing for an apportionment thereof between the beneficiaries therein. *Cunat* v. *Supreme Tribe of Ben Hur,* 249 Ill. 448, 94 N. E. 925, 34 L. R. A. (N. S.) 1192, Ann. Cas. 1912A, 213; *Beard* v. *Sharp,* 100 Ky. 606, 38 S. W. 1057.

The decree of the court below will be reversed, and a decree rendered here, awarding the money paid into court by the association to appellants; Andrew, the only person who can here complain at Ada's participating therein, not having objected to her so doing.

*Reversed.*