EDWARD D. SHARP *v.* SOVEREIGN CAMP WOODMEN OF
THE WORLD.*

(*Nashville.* December Term, 1916.)

INSURANCE. Mutual benefit insurance. Designation of bene-
ficiary. Persons eligible.

Under Acts 1913, chapter 44, section 6, providing that death
benefits of a mutual benefit association shall be confined to certain
persons named, and a provision of the association constitution for
reversion of benefits to the society if no legal beneficiary sur-
vived the member, where a member named a woman as his
sister and she was not related to him, the designation was of
no effect, but that did not avoid the policy or make it voidable,
and it was competent for the insured later to name his brother
as beneficiary.

Acts cited and construed: Acts 1913, ch. 44, sec. 6.

Cases cited and approved: Supreme Lodge, etc., v. Hine, 8½
Conn., 315; Cunat v. Supreme Tribe of Ben Hur, 249 Ill.,
448; Di Messiah v. Gern, 10 Misc. Rep., 30; Hicks v. Perry,
140 Mass., 580.

Case cited and distinguished: Britton v. Supreme Council of
Royal Arcanum, 46 N. J. Eq., 102.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson
County to the Court of Civil Appeals, and by *certi-
orari* to the Court of Civil Appeals from the Supreme
Court.—JAS. B. NEWMAN, Chancellor.

*On the effect of joining ineligible with eligible beneficiary in
benefit certificate see note in 34 L. R. A. (N. S.), 1192.
As to necessity of insurer's consent to change of beneficiary par-
ticularly in mutual benefit society see note in L. R. A. 1915A, 112.

JNO. H. LECHLEITER and W. P. COOPER, for complainant.

PENDLETON & DEWITT, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is a suit instituted by complainant, Sharp, to recover upon a benefit certificate issued to his brother, Thomas Sharp, deceased, by the defendant.

The chancellor held that complainant was not en-titled to recover, but his decree was reversed by the court of civil appeals upon the ground that the defendant order was by reason of certain facts estopped *in pais*. We are asked to grant a writ of *certiorari* in order to a review of the case.

It appears that when the benefit certificate was first issued Thomas Sharp caused the name of one Dora Simmons to be inserted as his ''sister'' and beneficiary, although she sustained no kinship of any sort to him.

A few weeks before his death Thomas Sharp forwarded the benefit certificate to the officers of the Sovereign Camp, requesting that there be a change made in the beneficiary so as to substitute the name of complainant, who was the brother of the insured, and this change was made.

The main contention of the defendant society is to the effect that the insured perpetrated a fraud upon the order in representing Dora Simmons as his sister,

which fraud vitiated the original and basic contract so that no relief can be granted even upon the changed certificate.

By Act 1913, chapter 44, section 6, it is provided that the death benefits of such an order shall be confined to a class to which the first beneficiary named, Dora Simmons, did not belong. The constitution of the order makes like provisions.

But the statute does not contain any stipulation to the effect that if one not of the confined class be named as beneficiary, the policy shall be avoidable by the order, and no such forfeiture clause appears in the constitution.

The constitution of the order provides only for forfeiture or reversion as follows:

"If there be no person surviving the member who is a legal beneficiary as defined in this section . . . then said benefits shall revert to the beneficiary fund of the order."

If we treat the representation referred to as a misrepresentation, it was not one that was a material inducement to the contract by which the order insured the life of the member; it did not increase the risk of loss, but concerned and affected only the designation of the beneficiary under the power to that end in the member. The designation was of one ineligible, and therefore it was as *nil*. But the improper designation of a beneficiary did not render void or voidable the contract between the order and the member. "The designation was void, and left matters as though no

designation had been attempted." *Supreme Lodge, etc.,* v. *Hine,* 82 Conn., 315, 73 Atl. 791; *Cunat* v. *Supreme Tribe of Ben Hur,* 249 Ill., 448, 94 N. E., 925, 34 L. R. A. (N. S.), 1192, Ann. Cas., 1912A, 213.

Where a female beneficiary is designated as "friend" of the member, but she is actually his concubine, and without the class of potential beneficiaries, the designation is held to be without effect as against the lawful widow. *Di Messiah* v. *Gern,* 10 Misc. Rep., 30, 30 N. Y. Supp., 824.

In the case of *Britton* v. *Supreme Council of Royal Arcanum,* 46 N. J. Eq., 102, 18 Atl., 675, 19 Am. St. Rep., 376, a like contention was discussed and denied:

"Brennon, the beneficiary named, not being related to or dependent upon the insured, can take nothing under said appointment. Britton's attempt to make Brennon his beneficiary, therefore, must be treated as nugatory. The only one of the statements in the application which it is asserted was either untrue or fraudulent is the one in which it is stated that Brennon was related to Britton as cousin. But conceding as it must be, that the statement was untrue, and it was made knowing it to be untrue, the question which this condition of fact raises is this: Did that statement have the least effect in influencing or inducing the defendant into doing something to its harm or injury which it would not have done if no such statement had been made? It is clear we think that it cannot be considered a warranty. The only possible misleading effect which the statement in

question could have had was to produce the belief that
Brennon was qualified to become Britton's beneficiary
when in fact he was not. The appellate court of Illi-
nois, in enforcing a contract made by defendant in
this case, containing substantially the same terms
found in the contract now in suit, said after adopting
the view which has just been quoted from the opinion
in case of *Hicks* v. *Perry,* 140 Mass., 580, 5 N. E.,
634: 'That where the beneficiaries are prescribed by
law, it is an invasion of its policy and a violation of
its letter to say that where a member has named a
person not within the class to be benefited, and the
corporation has issued the certificate to such person,
such acts shall deprive the proper person or class
of persons of all right to or interest in the funds.' ''

The designation of Dora Simmons being nugatory,
it was competent for the insured to name his brother
as beneficiary, the latter being in the prescribed class.

The writ of *certiorari* is granted, and the decree
of the court of civil appeals is modified, and affirmed
as to the result reached by that court.