## LILES ET AL. *v.* EUBANKS.

### [75 South. 447, Division A.]

INSURANCE. *Mutual benefit insurance. Change of beneficiary.*

Where under °the constitution and by-laws of a fraternal order con-
stituting a part of the contract of insurance, the insured was au-
thorized to change the beneficiary when he desired, a named
beneficiary has only an inchoate, imperfect and ambulatory right
until the death of the member holding the endowment certifi-
cate, and her right may be defeated by a change of beneficiary
by the insured member, though she was designated as beneficiary
pursuant to an antenuptial agreement with insured.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Suit by Edna Lyles and others against the Odd Fellows
Benefit Association, to recover the proceeds of an in-
surance policy also claimed by Susan Eubanks. From
a judgment in favor of such claimant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Jeff Kent* and *L. Brame,* for appellee.

The law of a mutual benefit insurance company pre-
scribing rules for changes of beneficiaries are intended
alone for the protection of the society and when their
requirements are waived by the society and a new policy
is issued, the change of beneficiaries is effectual. The
mere mode of changing beneficiaries prescribed by such
rules is not exclusive. *Hall* v. *Allen,* 75 Miss. 175; *White*
v. *White,* 111 'Miss. 219. On the general subject see 29
Cyc. 135 and notes.

It will be noted that Alice Needham was named as one
of the beneficiaries in the last policy and while it is
true that she was designated in the affidavit made by the
assured as one of his children, she was a stepchild and
under the laws of the order, therefore, not eligible to

be designated as a beneficiary. For this reason the suit was dismissed as to her, and the other five children who were the proper beneficiaries, designated by the father, claimed the insurance.

In the second policy that was issued in favor of Susan Eubanks and six other children there was also confusion. The six children referred to in that policy also included Alice Needham, and it included another child who had died. But all this is immaterial, because this second policy was surrendered when the last policy was issued, and it is claimed and practically uncontradicted in the record that the only beneficiaries therefore entitled to share in the insurance were the five children, namely: Edna Lyles, Ineza Bland, Hannah Eubanks, Obelia Eubanks and Allen Eubanks.

As these parties were eligible, it is immaterial and does not effect the validity of the insurance as to the others that Alice Needham, a stepchild, was improperly named in the policy. This was expressly decided in *White* v. *White,* 111 Miss. 219, where the authorities in support of the rule are cited.

Having shown that the last policy was issued in favor of the appellants alone, and that Susan Eubanks was eliminated as the beneficiary, it is hardly worth while, we imagine, to detain the court with an argument to show that the plaintiff's case, as alleged in the declaration, failed for want of proof or to show that there are other errors which are fatal to her case.

*W. J. Latham,* for appellant.

As we understand this case there is only one question involved, viz.: Whether or not there was an agreement before marriage between G. R. Eubanks and Susan Eubanks, whereby in consideration of Susan giving G. R. Eubanks a home with her and helping him, he would name her as beneficiary to one-half of the proceeds of the insurance contract held by him in The Odd Fellows Benefit Association.

If such a contract was made, and by virtue thereof G. R. Eubanks did make Susan Eubanks his beneficiary and delivered the policy to her, then her right to the one-half of the proceeds of the policy was irrevocable; and any subsequent change in the appointment of beneficiary in the policy depriving Susan of her share would be a nullity.

We are unable to discover any injury to the appellants by any defect in the declaration, they not being original defendants, but were cited to establish their claim to the proceeds of the policy of G. R. Eubanks. They knew the merits of their own claim and sought to establish it.

The subsequent pleadings and testimony brought before the court and jury, the full merits of the appellee's claim to the fund and upon this the jury reached a verdict in substance that their claim was not equal to that of the appellant. We submit that there is no revisable error in the record and the judgment should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellants, plaintiffs in the court below, filed suit in the circuit court of the First district of Hinds county, Miss., against the Odd Fellows' Benefit Association, a negro fraternal insurance company, based upon a policy of insurance upon the life of their father, G. R. Eubanks, in which policy these children were named as beneficiaries. Susan Eubanks, the second wife of the insured, made claim to one-half the proceeds of this policy, in accordance with law. The insurance company by proper pleadings paid the money into court. This controversy is between the named beneficiaries of the policy and the second wife. The only contention of the second wife, the appellee here, is that she made an antenuptial agreement with the insured, G. R. Eubanks, "whereby in consideration of her giving him a home with her and helping him, he would name her as beneficiary to one-half of the proceeds of the insurance contract held

by him in this order." The appellee contends that after this antenuptial contract was made, and when a policy was delivered to her in accordance with it, then her right to one-half of the proceeds of the policy became irrevocable, and that any change in the appointment of a beneficiary in the policy, depriving this appellee of her share, would be a nullity.

The uncontradicted testimony shows that the insured changed the beneficiaries in this policy on two different occasions. Section 14 of the constitution and by-laws of the order, which is to be considered as a part of the contract of insurance, provides that the insured may change the beneficiary in the policy when he desires, and then prescribes the manner in which the change may be made. In this case, the insured, G. R. Eubanks, took advantage of this clause in the policy and changed the beneficiaries. When this was done the old policy became lifeless. The policy in force at the time of Eubanks' death was the one which provided that the money should be paid to those appellants. This court has uniformly held that:

"It is settled that the right of a beneficiary of a benevolent society, like this of the Knights of Pythias, is inchoate, imperfect, and ambulatory until the death of the member holding the endowment certificate." *Carson v. Bank,* 75 Miss. 167, 22 So. 1, 37 L. R. A. 559, 65 Am. St. Rep. 596; *Sykes v. Armstrong,* 111 Miss. 44, 71 So. 262; *White v. White,* 111 Miss. 219, 71 So. 322.

At the conslusion of the testimony in the circuit court the appellants here requested a peremptory instruction, which was refused. This instruction should have been given. The jury returned a verdict in favor of the appellee for one-half of the proceeds of the policy, upon which judgment was entered by the lower court. This judgment is reversed, and judgment will be entered here in favor of appellants.

*Reversed and judgment here.*