## FAULKNER v. FAULKNER.

(In Banc. Jan. 12, 1942.)

[5 So. (2d) 421. No. 34778.]

W. H. Montjoy and Alfred M. Stoner, both of Green-
wood, for appellant.

Osborn & Lott, of Greenwood, for appellee.

Argued orally by **W. H. Montjoy**, for appellant, and by **S. I. Osborn**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Ike Faulkner was an employee of the Mississippi Power & Light Company through which he had procured by virtue of such employment a policy of life insurance with the Metropolitan Life Insurance Company. Among the provisions of such policy are the following: "The right to change the beneficiary is reserved," also "Should you desire to change the beneficiary under the Certificate, your request for such change must be submitted through your employer." Premiums on such policy were paid by such employer which deducted the amounts therefor from the employee's wages.

In this policy the beneficiary named was Pauline S. Faulkner, whose acquaintance was made by the insured in 1931, since which date and until 1936 they lived together as husband and wife. In 1936 there was a separation and the insured thereafter lived with Emma J. Faulkner until his death in 1940. Mutually disparaging recriminations are indulged by respective counsel each

involving without ambiguity allegations of a callous want of conformity unto those social niceties ordinarily deemed prerequisite to formal marriage. The respective and rival consorts in seeking to tar the other with the same accusatory stick have blackened their own hands beyond the power of equity to espouse the cause of either. By going directly to the controlling issue, we avoid encounter with these recriminations, abandoned to serve their complete function in creating a ready outlet for relief from the accumulated pressure of impounded outrage.

The issue here is whether an attempt by Ike Faulkner to have the beneficiary in the policy changed to Emma was effective when adjudged by equitable principles. About two years before his death the insured took two life policies, one of which is here involved, to Mr. Roland, a foreman for the light company and the insured's "boss," with the request that the beneficiary in both policies be changed in favor of appellee. According to Mr. Roland, these policies were forwarded to the insurance department of the light company with this request. Thereafter the light company sent blank forms upon which application for such change should be made. These forms were properly filled out by insured and mailed back to the light company. In due course both policies were returned in an envelope by Mr. Roland to insured who turned them over to appellee, Emma Faulkner. The latter placed them at once in a metal box under her bed where they remained until after insured's death in 1940. Thereupon it was discovered that the policy in suit was not changed although the other had been made to conform to the request.

Suit was filed by Emma Faulkner against Pauline Sims Faulkner and the insurance company. The insurance company denied that it had received the actual policy for change in beneficiary but paid the proceeds into the registry of the court and impleaded the rival claimants. By such course the insurance company waived the requirements of the policy as to the method of change of bene-

ficiary, which formalities are solely for benefit of the insurer. Hall v. Allen, 75 Miss. 175, 22 So. 4, 65 Am. St. Rep. 601; 2 Couch, Cyc. of Insurance Law, Sec. 328. Under the policy, the original beneficiary had no vested rights but only an inchoate imperfect and ambulatory right prior to insured's death. Carson v. Vicksburg Bank, 75 Miss. 167, 22 So. 1, 37 L. R. A. 559, 65 Am. St. Rep. 596; Lyles v. Eubanks, 114 Miss. 587, 75 So. 447; Sykes v. Armstrong, 111 Miss. 44, 71 So. 262; White v. White, 111 Miss. 219, 71 So. 322; Bank of Belzoni v. Hodges, 132 Miss. 238, 96 So. 97; Freeman v. Barnett, 146 Miss. 849, 112 So. 161, 52 A. L. R. 375.

In such case, the intent of the insured should be given full weight and where such intent is expressed in the manner required by the insurer and the insured has met all requirements prerequisite to a change in beneficiary, equity will regard that as done which ought to have been done. Wickes v. Metropolitan Life Ins. Co., La. App., 170 So. 48; Hall v. Allen, supra; White v. White, supra; Bank of Belzoni v. Hodges, supra; Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N. E. 748; Sun Life Assur. Co. v. Williams, 284 Ill. App. 222, 1 N. E. (2d) 247; Inter-Southern Life Ins. Co. v. Cochran, 259 Ky. 677, 83 S. W. (2d) 11; 7 Cooley's Briefs on Insurance (2 Ed.), p. 6448, Id. Supp., Vol. 7, p. 6461; Couch, op. cit., supra, Vol. 2, pp. 912, 915. Here there was ample testimony upon which the trial court could find that the intent of insured was that Emma Faulkner should be made the beneficiary. There were no other steps which insured could have taken so that he is held to have done all that he reasonably could to effect such change. It is not relevant that the policy was not examined after its return and delivery to Emma Faulkner. Such omission is consistent with a reasonable presumption of compliance. His duty was to satisfy the company and not his curiosity. A failure to verify the results may not be held retroactively to constitute a failure to comply with the requirements. The learned chancellor held that the in-

sured intended to effect a change of beneficiary in favor of appellee and that the policy ought to be so reformed as to comply therewith.

Affirmed.