**COMMONWEALTH LIFE INS. CO. v. LOWRY et al.**

**No. 345, Civil T.**

District Court, S. D. Florida, Tampa Division.

Oct. 13, 1941.

Cook, Harris, Barrett, McGlothlin & Dew, of St. Petersburg, Fla., for plaintiff.

Lincoln C. Bogue, of St. Petersburg, Fla., for defendant Ruth Shields Stevens Lowry.

Mabry, Reaves, Carlton & White, of Tampa, Fla., for defendant Blanche D. Sharp.

BARKER, District Judge.

Plaintiff, Commonwealth Life Insurance Company, instituted this suit by filing a bill of interpleader, in which it alleged that it had issued a policy of insurance on the life of Robert A. Stevens, that said insured had died, and that there was due to be paid under said policy the sum of $3,049.89. It further alleged that the fund was claimed by Ruth Shields Stevens Lowry, who, at the time of the issuance of the policy, was the wife of Robert A. Stevens and named in the policy as beneficiary, but who later divorced the insured, and by Blanche D. Sharp, a sister of the insured. It paid the money into court, and has been discharged by previous decree of the court.

The claimants, Ruth Shields Stevens Lowry, joined by her husband, and Blanche D. Sharp, joined by her husband, have filed their respective answers setting up their respective claims to the proceeds of the policy, and the cause has come on before the court for trial. The evidence has been heard by the court. At the conclusion of the trial the court took the matter under advisement, requesting the parties to file briefs. Briefs have been filed and considered by the court.

The claim of Mrs. Sharp is that the insured, subsequent to a divorce decree obtained by Mrs. Lowry from the insured, effectively changed the beneficiary in the policy so as to designate her as beneficiary and so as to entitle her to the proceeds.

The claim of Mrs. Lowry is that the policy when issued named her as beneficiary therein and that the attempt by the insured, after she divorced him, to change the beneficiary to Blanche D. Sharp was ineffective. She also claims that, shortly after her separation from the insured and shortly before she commenced divorce proceedings against him, he gave her the policy to hold for the benefit of their daughter or for the benefit of their daughter and herself, because of which she claims the policy and asserts the insured was without right to change the beneficiary.

The claim of Mrs. Lowry that the policy has been thus given to her was denied by Mrs. Sharp.

The policy reserves to the insured the right to change the beneficiary, and provides how it may be done, to-wit: "The insured may at any time change the beneficiary or beneficiaries, by filing with the company a written request accompanied by this policy, such change to take effect when endorsed hereon by the company."

The insured at the time of applying for the policy resided in Knoxville, Tennessee, and the policy was delivered to him in that state. He continuously resided there until his death in 1940. His wife moved to St. Petersburg, Florida, some time in 1936. Previous to this time she, also, was a resident of Tennessee.

Counsel for the respective claimants agree that these questions are governed by the law of Tennessee.

### Findings of Fact.

The Court finds:

1. That during the year 1930 the insured, Robert A. Stevens, and claimant Mrs. Lowry were married; that on August 27, 1935, Mrs. Lowry, then Mrs. Ruth Shields Stevens, instituted a suit for divorce in Knoxville, Tennessee, against Mr. Stevens, and that on October 5, 1935, the divorce was granted perpetually dissolving this marriage; that about a year after such divorce Mrs. Stevens moved to Florida, taking with her the daughter of the parties; that subsequent to Mrs. Stevens moving to Florida, Mrs. Stevens saw her husband once in 1937, when he came to Florida to see her, and on a few occasions in Knoxville when she was visiting her relatives there; that Mrs. Stevens during the year 1938 married her present husband, Frank Lowry.

2. That the insured, Robert A. Stevens, applied to the plaintiff, executing on the company's form such application, on July 7, 1937, to change the beneficiary from Ruth Shields Stevens, his former wife, to Blanche D. Sharp, his sister; that this application, together with an affidavit that the policy had been lost, was forwarded to the company at its home office by the Knoxville, Tennessee, agent; that the company received these documents and thereafter had some correspondence with its Knoxville agent in which it requested that a lost policy affidavit be also obtained from Mrs. Stevens, the last letter being dated August 4, 1937, from the company to its Knoxville agent, Mr. Miller, but which letter, accord-

ing to the testimony of the agent, submitted to the court on stipulation of the parties, was never shown to the insured, Mr. Stevens. The company retained the application for change of beneficiary and the lost policy affidavit in its files until after the death of Mr. Stevens, but did not formally endorse the policy changing the beneficiary to Mrs. Sharp.

3. Shortly after Mrs. Lowry filed suit for divorce, and on August 31, 1935, she and Mr. Stevens, the insured, entered into a separation agreement.

4. Mrs. Lowry testified that just a few days before the separation agreement was made, Mr. Stevens and she had a conversation about the policy, which was also testified to by Mrs. Lowry's mother in a deposition, on the basis of which Mrs. Lowry claims the policy was given to her for the benefit of herself and daughter. Mrs. Lowry's evidence is not clear or satisfactory and is weakened by a letter she wrote after Mr. Stevens' death, by her sworn answer, by the fact that the insurance policy was not mentioned in the separation agreement which was entered into immediately after she claims the policy was given her, and by other circumstances. There is on the other hand evidence which strongly refutes her claim to the policy as a gift. The court has carefully considered all the evidence and finds therefrom that there was no gift of the policy to Mrs. Lowry and nothing in any of the transactions between the insured and Mrs. Lowry that would interfere with his right to change the beneficiary in the policy.

5. That the insured had every confidence in his sister, Mrs. Sharp, and was satisfied that if the proceeds of the policy were left to her, she would take care of his daughter, and the insured was desirous of effecting a change so as to designate her his beneficiary; that he complied fully with the policy requirements in order to designate his sister as beneficiary, except to forward to the company the original policy, which was in the hands of Mrs. Lowry, his former wife; that while the insured did not know Mrs. Lowry had the policy, it appears that he wondered if she did not have it because he requested his mother and sister, Mrs. Sharp, to write Mrs. Lowry to see if she had it, and if so, to get it, but they did not write her, explaining they feared that to do so might cause Mrs. Lowry to discontinue letting the daughter of Mr. Stevens visit him.

6. That by her testimony, Mrs. Lowry has claimed this policy since her divorce from Mr. Stevens, and though she claimed it without right, her testimony does indicate any request for the policy would have been refused, and would have been a fruitless ceremony. The policy was in the hands of an adverse claimant, and Mr. Stevens could not send it to the company for the purpose of having it endorsed.

7. That the insured did all that was reasonably within his power to do to get the beneficiary changed, and his sister, Mrs. Sharp designated.

### Conclusions of Law.

1. There was not a gift of the policy by Mr. Stevens, the insured, to his wife, who is now Mrs. Lowry.

2. That the insured did all that was within his power to have the policy endorsed to designate his sister, Blanche D. Sharp, as beneficiary therein, and that under the rule applied by the Tennessee courts, and by a majority of the courts of the country, relating to this subject, he did all required to effectively change the beneficiary, that his attempt to so change the beneficiary was effective, and that Mrs. Sharp is entitled to the proceeds of the policy.

A decree will be entered in accordance with these findings.