GAYDEN *v.* KIRK.

In Banc. Dec. 31, 1949

No. 37266 (43 So. (2d) 568)

Campbell & Campbell, for appellant.

**B. B. Allen,** and **Bridgforth & Love,** for appellee.

864

**McGehee, C. J.**

The plaintiff, Maysie Jewel Gayden, brought this suit in the county court against the Pacific Mutual Life Insurance Company of Los Angeles, California, to recover the proceeds of an insurance policy on the life of Cyrus Walter Kirk, who died August 2, 1946, wherein she had been named as secondary beneficiary to receive the proceeds of such policy in the event the first beneficiary named therein, Mrs. Ida Kirk, wife of the insured, should not be living at the death of the insured. Mrs. Ida Kirk died on November 10, 1943, and the plaintiff had been named as secondary beneficiary during the earlier part of that year.

The defendant insurance company, proceeding under Section 1508, Code of 1942, before plea filed, interposed its affidavit to the effect that a third party, the appellee, Mrs. Willard S. Kirk, was claiming the proceeds of the policy, and asked that she be summoned to appear and maintain or relinquish her claim against the defendant. Upon application of the Insurance company, the trial

court allowed it to pay the money into court and be released from making any further defense to the action. This was accordingly done, and the claimant, Mrs. Willard S. Kirk, was substituted as the defendant on her claim that she had been named the beneficiary subsequent to the original designation of the said Maysie Jewel Gayden as a beneficiary therein.

The policy of insurance provided in substance that in order to obtain a change in any beneficiary named therein, it would be necessary that such change be endorsed on the face of the policy unless the insured should make an affidavit showing that the original policy had been lost or stolen. ■ This provision was waived insofar as the insurance company was concerned when it paid the money into court, under the circumstances hereinbefore stated under a pleading which fully complied with the foregoing statute, since such provision for the endorsement of the change of beneficiary on the policy was made for the benefit of the insurance company. Faulkner v. Faulkner, 192 Miss. 358, 5 So. (2d) 421; Hall v. Allen, 75 Miss. 175, 22 So. 4, 65 Am. St. Rep. 601; and White v. White, 111 Miss. 219, 71 So. 322.

Therefore, the remaining questions are: First, whether or not the insured had the right to subsequently change the beneficiary from the appellant to the appellee; and Second, whether or not the effort made by the insured to effectuate such a change was sufficient to entitle the appellee to claim the proceeds of insurance as the subsequently named beneficiary.

On the first proposition, the trial judge decided on conflicting evidence that the insured had not made an oral assignment and transfer of the policy to the appellant in the sense of parting with all title therein and future control thereof. The appellant and her husband moved to the home of the insured under an agreement to take care of him and his invalid wife in consideration of the insured giving her an automobile and eighty acres of

land and taking care of all expenses. They remained at the home of the insured for slightly more than a year, and then moved away on account of a disagreement between them and the insured. About ninety days prior to that time, the appellant claims that the insured delivered to her the insurance policy in question as her own.. He had some time prior thereto had her named as the secondary beneficiary under the policy, but his doing so was no part of the original agreement. When the appellant and her husband moved away, they carried with them the automobile, and without protest from the insured. However, after they left his home, he immediately undertook to have the secondary beneficiary changed from the appellant to the appellee. Mrs. Ida Kirk, the primary beneficiary had not died when the insured begun his efforts to change the secondary beneficiary.

It is contended by the appellant that after the insured had allegedly delivered the policy to her as a gift, her appointment as secondary beneficiary is irrevocable because of the fact that she claims that the transfer and assignment was for a consideration. However, the alleged consideration was that she should perform the services of helping to take care of the insured and his invalid wife, which she was already obligated to do under the original agreement.

On behalf of the appellee, the proof disclosed that there had been no oral transfer and assignment of the policy to the appellant, but that she had wrongfully taken possession of the same before leaving the premises of the insured, and it is admitted that she thereafter refused to return the same but claimed it as her own.

By a number of letters written to the insurance company by the insured, and also to the appellant, and through his attorney the insured did all that he could do to effectuate a change of the beneficiary from the appellant to the appellee, to whose home the insured and

his wife were compelled to go to live; but the insurance company did not feel justified in recognizing such change unless the original policy was surrendered to it for the proper indorsement. Nor did they recognize the affidavit of the insured to the effect that the policy was lost or stolen for the reason that he had previously informed the insurance company that he thought the appellant had the policy in her possession and had not claimed that it was stolen.

In other words, the only reason that the change of the beneficiary was not effectuated was the fact that the appellant refused to surrender possession of the policy, the insured having executed an application on the form required by the insurance company, and having made his desire fully known to have the beneficiary changed to the appellee, the wife of the insured having died in the meantime but subsequently to the beginning of the negotiations with the company.

We are of the opinion that this Court should follow the rule announced in the cases of Commonwealth Life Insurance Company v. Lowry et al., 5 Cir., 41 F. Supp. 1, and Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554, which hold, in substance, that ▪ where an insured does all within his power to have the policy endorsed to designate a beneficiary of his choice, except the return of the policy for such endorsement, and such return of the policy to the company is prevented by the wrongful withholding of the same by a previously named beneficiary, the efforts of the insured are effective to change the beneficiary; that is to say that the beneficiary already named therein cannot take advantage of his or her own wrong to defeat a change of beneficiary, if by the terms of the policy the right to make such change is granted to the insured, without regard to the consent of a named beneficiary, as in the instant case.

Since the invalid wife of the insured was still living at the time of the alleged assignment and transfer of the policy to the appellant, and because of the conflicting testimony in regard thereto, we think that the trial judge was warranted in finding that no such transfer, assignment and delivery had taken place in the sense that the insured had parted with all title in, and control over, the policy, and that therefore the judgment of the county court, which was affirmed on appeal by the circuit court, should be also by this Court affirmed.

Affirmed.