I.
This appeal concerns a dispute between the named beneficiary and the children of the deceased over the proceeds of a group life insurance policy. The Chancellor held that an oral request for change of beneficiary six (6) days prior to the death of the policyholder was effective and found in favor of the children. Finding no error in this decision, we affirm.
 II.
Helen Louise Holmes [Helen] died from a massive stroke on Tuesday, December 2, 1986. At the time of her death she had three (3) children: Ellen Parker, Sandra Parker, and Robert R. Parker, Jr.
Helen and John Bell [John] had a relationship for approximately 13 years. At one time they contemplated marriage, and cohabited for seven (7) years. At the time of her death, Helen was living alone in a trailer.
Helen was an employee of Starkville Manor Nursing Home [Starkville Manor]. Through her employment she acquired accident insurance, group life insurance with $10,000.00 benefits through Provident Life Accident Insurance Company, and membership in a credit union. Transactions between Starkville Manor and insurance companies were handled by Mr. Clay, Administrator of Starkville Manor. Insurance forms were kept in the office of Mr. Clay's Administrative Assistant, Donna Robinson [Donna]. Donna assisted the employees with the completion of the forms.
In 1981, Helen designated John as beneficiary on the group life insurance policy. Helen also designated John as beneficiary on the accident insurance policy and her credit union account. John was aware of his status as a named beneficiary on Helen's policies.
Approximately 4:00 p.m. on the afternoon of Wednesday, November 26, 1986, six (6) days prior to her death, Helen went into the office of the Mr. Clay. Donna, the *Page 596 
Administrative Assistant, was the only person there; Mr. Clay was out of town for the Thanksgiving holidays. Helen told Donna that she wanted to remove John as the named beneficiary on all of her policies and substitute in his place her daughters. Helen stated her reason for wanting these changes: she had decided not to marry John.
At that time Helen presented Donna with a change of beneficiary form for her accident insurance, showing Ellen Parker and Sandra Parker as the new beneficiaries. Donna did not have a change of beneficiary form for the group life insurance policy, but told Helen she would get one for her. Six (6) days later, Helen died without having a written change of beneficiary form for her group life insurance policy as required by the terms of the policy.
Following Helen's death John went to Starkville Manor to inquire about the life insurance policy. He was told that Helen had desired a change in beneficiaries, that a change had been made, and Robert Parker had already been there; Starkville Manor gave John no other information regarding the life insurance policy. John filed a claim for the life insurance proceeds that same day, March 11, 1987.
John received several calls from Robert Parker. Robert told John that the children had filed a claim for the life insurance proceeds on March 19, 1987, and attempted to have John sign an affidavit relinquishing all rights to the proceeds; John refused. Acting upon a request from Robert, the funeral home also called John and requested he sign an affidavit relinquishing all rights to the life insurance proceeds; John refused.
Provident Life Accident Insurance Company filed a Complaint of Interpleader against John Bell, Sandra Parker, Ellen Parker and Robert R. Parker, Jr. with the Chancery Court of Oktibbeha County, Mississippi on June 4, 1987. The proceeds of the policy, $10,000.00, were tendered into the registry of the court with the filing of the complaint. John filed his Answer to the Complaint, as did Susan, Ellen and Robert. John filed a Motion for Partial Summary Judgment to which Susan, Ellen and Robert filed their Answer.
A hearing was held November 19, 1987. Prior to the taking of testimony the parties entered into several stipulations: (1) Dismissing Provident Life Accident Insurance Company; (2) All exhibits to the Motion for Partial Summary Judgment could be considered by the Chancellor; (3) Agreement to hear the case in chief rather than the Motion for Summary Judgment, reserving the right to renew the Motion for Summary Judgment at a later date; (4) A copy of the insurance policy was true and correct and could be entered as an exhibit to the hearing. An Order dismissing Provident Life Accident Insurance Company was filed November 19, 1987.
On February 24, 1988, the learned Chancellor filed an excellent, well written and well reasoned opinion finding in favor of Sandra, Ellen and Robert. The Decree, which incorporated the Opinion, was filed March 8, 1988. A copy of the Decree and Opinion are attached to this opinion as Appendix "A".
John filed a Motion for New Trial or in the Alternative a Stay of Judgment March 15, 1988. By Order filed May 16, 1988, the Chancellor overruled the Motion for New Trial, the Stay of Judgment having been withdrawn as prematurely filed.
Being aggrieved, John timely filed his Notice of Appeal, along with a Motion for Stay of Judgment, May 16, 1988. An Order for Stay of Judgment with Supersedeas was timely filed and an appeal bond with supersedeas was approved by the Chancery Clerk of Oktibbeha County, Mississippi on June 2, 1988.
 John raises but one (1) issue on appeal: Whether or Not an Oral Request by an Insured for a Change of Beneficiary in a Group Life Insurance Policy Constitutes Substantial Compliance With Contractual Terms in the Policy Requiring That the Insured's Request for Change of Beneficiary be in Writing.
In considering this assignment, we are bound by our familiar standard of review: This Court will not disturb the *Page 597 
findings of a Chancellor unless the Chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Bowers Window and Door Co., Inc. v. Dearman,549 So.2d 1309 (Miss. 1989) citing Culbreath v. Johnson, 427 So.2d 705, 707-08 (Miss. 1983); Johnson v. Hinds County, 524 So.2d 947, 956 (Miss. 1988), Gibson v. Manuel, 534 So.2d 199, 204 (Miss. 1988); Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss. 1985). If a Chancellor fails to make findings of fact on issues of fact, this Court assumes that the issues were resolved in favor of the Appellee. Bryant v. Cameron, 473 So.2d 174, 179 (Miss. 1985). In a bench trial, the trial judge has sole authority to determine the credibility of the witnesses. RiceResearchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss. 1987).
 III.
In the case sub judice, the Chancellor and the parties state that there is no Mississippi law on the precise question. After careful research we found no Mississippi case directly on point, that is, where an oral request to change beneficiary was made and held to be "substantial compliance" and therefore sufficient to effectuate a change in beneficiaries. There are, however, two (2) Mississippi cases which, although factually distinguishable from the case sub judice, provide evidence of this Court's stand on the issue of substantial compliance: Faulkner v. Faulkner,5 So.2d 421 (1942) cited by the Chancellor and the parties, andGayden v. Kirk, 207 Miss. 861, 43 So.2d 568 (1949).
The insured in Faulkner returned two (2) insurance policies to the company requesting a change of beneficiary. 5 So.2d at 422. The company sent the insured forms for the changes, which the insured completed and returned to the company. Id.
Thereafter, the company returned the policies, but failed to make the requested change on one of them. Id. In holding that a change of beneficiaries had occurred, this Court said:
 In such case, the intent of the insured should be given full weight and where such intent is expressed in the manner required by the insurer and the insured has met all requirements prerequisite to a change in beneficiary, equity will regard that as done which ought to have been done. [citations omitted] Here there was ample testimony upon which the trial court could find that the intent of insured was that Emma Faulkner should be made the beneficiary. There were no other steps which insured could have taken so that he is held to have done all that he reasonably could to effect such change. It is not relevant that the policy was not examined after its return and delivery . . . Such omission is consistent with a reasonable presumption of compliance. His duty was to satisfy the company and not his curiosity.
5 So.2d at 422-23.
Gayden involved the insurance company's requirement that change of beneficiary appear on the face of the document unless the insured could make an affidavit showing the original document had been stolen or lost. 43 So.2d at 569. In that case, the originally named secondary beneficiary absconded with the original policy. Id. 43 So.2d at 570. The insured sent letters and affidavits to the insurance company attempting to change the secondary beneficiary. Id. This Court upheld the lower court's decision that a change of beneficiary had been effectuated, stating:
 We are of the opinion that this Court should follow the rule announced in the cases of Commonwealth Life Insurance Company v. Lowry et al., 5 Cir., 41 F. Supp. 1, and Lahey v. Lahey, 174 N.Y. 146, 66 N.E. 670, 61 L.R.A. 791, 95 Am. St.Rep. 554, which hold, in substance, that where an insured does all within his power to have the policy endorsed to designate a beneficiary of his choice, except the return of the policy for such endorsement, and such return of the policy to the company is prevented by the wrongful withholding of the same by a previously named beneficiary, the efforts of the insured are effective to change the beneficiary; that is to say that the beneficiary already named therein cannot take advantage of his or her own wrong *Page 598 
to defeat a change of beneficiary, if by the terms of the policy the right to make such change is granted to the insured, without regard to the consent of a named beneficiary, as in the instant case.
Id.
Based on the foregoing Mississippi authorities, it seems clear that Mississippi follows the majority of courts that accept the "substantial compliance rule". See Murdock v. Equitable LifeAssur. Soc. of U.S., 714 F.2d 474, 476 (5th Cir. 1983); IDSLife Ins. Co. v. Estate of Groshong, 112 Idaho 847,736 P.2d 1301, 1303 (1987); Vaughn v. Baker, 438 S.W.2d 517, 518 (Ky. 1969). See also 46 C.J.S. § 1175; Appleman, Insurance Law andPractice, Vol. 2, § 961 et seq. Under this rule, where an insured evidences an intent to change beneficiaries, and does all (s)he can do to comply with the requirements of the policy, substantial compliance will be found and the change of beneficiaries will be upheld.
On the question of intent, the Chancellor sub judice found: "there is no question that the insured met the first requirement, that is, she had determined to change the beneficiary. This is shown by her oral request to her employer's representative and the overt action of changing the beneficiary in the accident policy." After a careful examination of the record, we find that this determination by the Chancellor is supported by the evidence and therefore, was not in error.
Once the question of intent was determined, the Chancellor had to decide if the second prong of the substantial compliance test had been met, that is, had Helen done everything to the best of her ability to effect the change. Based on the facts and the Kentucky case of Vaughn v. Baker, 438 S.W.2d 517, 518 (Ky. 1969), the Chancellor held that she did. On this point, John refers this Court to the case of Jaudon v. Prudential InsuranceCompany of America, 279 F.2d 730 (6th Cir. 1960) as being factually similar and suggests that this authority should be controlling.
The insured in Jaudon went to the office of his employer and said he wanted to change the beneficiary on his life insurance policy from his wife to his sister. Id. at 733. The employer did not have the necessary forms at that time, but did write the company explaining the insured's wishes and requesting forms.Id. However, the insured was killed the following day before the forms could be obtained. Id. In upholding the District Court's decision that a change of beneficiaries had not been effectuated, the Sixth Circuit said:
 Under the Tennessee authorities a mere unexecuted intention on the part of an insured to change his beneficiary is not enough. There must be a substantial compliance with the provisions of the policy for the change of beneficiary to be effective. [citations omitted]
 The District Court found that insured had two sisters, and that the letter relating to the occurrence of the insured's visit to his employer's office to request a change of beneficiary did not indicate which one of his two sisters was to be designated beneficiary. There was no evidence that the insurer or any of its agents had knowledge of the intent of the insured to designate Mrs. Jaudon as his beneficiary. Assuming that the insured had the undisclosed intent to designate Mrs. Jaudon as beneficiary, he might have changed his mind before his employer received the change of beneficiary form. The trouble here was that the insured did nothing to effectuate the change of beneficiary other than to tell someone in his employer's office that he wanted to name his sister as beneficiary.
 The District Court was right in concluding that, under these circumstances, the insured had a mere unexecuted intention to change the beneficiaries of his policies and that this was insufficient to displace the designated beneficiaries thereof.
Id.
Jaudon is distinguishable from the case sub judice in that unlike Jaudon, Helen was very specific about her intended replacement beneficiaries: her daughters Sandra and Ellen. She had also completed a change of beneficiary form on another policy specifically designating her daughters as the new beneficiaries. On the basis *Page 599 
of these facts, the Chancellor sub judice found that Helen "would have changed the beneficiary on the group policy if the representative of the employer had had the proper form." We find no error in this determination.
"Insurance cases are difficult of decision. Each must be decided in the light of its own facts. The law is that a change of beneficiary must be made in writing and in proper form. Where this has not been done, the courts will brush aside technicalities to give effect to the intention of the insured."Mitchell v. United States, 165 F.2d 758, 761 (5th Cir. 1948). After a careful and thorough review of the facts sub judice,
the authorities cited herein, and keeping in mind our standard of review, we find that under the facts in this case, Helen was prevented from effectuating a written change in beneficiaries by events over which she had no control. Based on the authorities cited herein, and the facts of this case, we find that the Chancellor did not err in holding that Helen had, in fact, done everything she knew to do to change the beneficiary on her group life insurance policy.
Accordingly, the decree of the Chancery Court of Oktibbeha County filed March 8, 1988, is affirmed. Appellant is taxed with all costs.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
 APPENDIX A
IN THE CHANCERY COURT OF OKTIBBEHA COUNTY, MISSISSIPPI
Provident Life Accident Insurance Company, Plaintiff,
 v.
John Bell, Sandra Parker, Ellen Parker and Robert R. Parker, Jr., Defendants.
No. 17,040.
 OPINION OF THE COURT
This is a Complaint for Interpleader by Provident Life 
Accident Insurance Company whereby it tendered into court the sum of $10,000.00, the proceeds of a group insurance policy on the life of Helen Louise Holmes. John Bell, the named beneficiary, filed an Answer claiming the benefits under said policy. Sandra Parker, Ellen L. Parker and Robert R. Parker, Jr., children of deceased, filed an Answer claiming benefits of said policy.
There is no dispute as to the facts. There is no question that there was no written change of beneficiary executed by deceased in accordance with the provisions of the policy. The beneficiary form executed by deceased on July 1, 1981 showed John Bell to be the beneficiary and that he was not related to the insured.
By agreement of all the parties, Provident Life Accident Insurance Company was dismissed from the proceeding. Motion for Partial Summary Judgment was filed by Defendant John Bell. The parties agreed to waive hearing on the Partial Summary Judgment and proceed with the hearing. There was very little testimony taken.
Donna Robinson, Administrative Assistant of Starkville Manor, testified precisely to the same facts as set forth in an affidavit signed by her, a copy of which was attached as an exhibit to Petition for Interpleader filed by Provident Life 
Accident Insurance Company. Donna Robinson, Administrative Assistant of the nursing home, testified that: "On Wednesday, November 26, 1986 at approximately 4:00 p.m., Helen Holmes came into my office at Starkville Manor and told me that she would like to change her beneficiary on all of her policies. This would include group insurance, accident insurance, and credit union. She had with her a change of beneficiary form from the accident insurance representative who visited the facility. She signed the form in my presence and told me she wanted her beneficiary changed from John Bell, a man she said she had once intended to marry, to her daughters, Ellen and Sandra Parker." *Page 600 
John Bell testified that he and Helen Holmes had lived together for quite some time, but were not living together at the time of her death. They never married.
The precise question to be decided is whether Helen Holmes effected a change of beneficiary by her oral request to Donna Robinson, Administrative Assistant of her employer.
The Mississippi case of Faulkner v. Faulkner, 5 So.2d 421, set forth the following rule of law, to-wit: "Where the insurance company paid the proceeds into the registry of the court and impleaded the rival claimants, by such course, the insurance company waived the requirements of the policy as to the method of change of beneficiary, which formalities are solely for benefit of the insurer." The court stated, "In such case, the intent of the insured should be given full weight and where such intent is expressed in the manner required by the insurer and the insured has met all requirements prerequisite to a change in beneficiary, equity will regard that as done which ought to have been done."
The facts in the Faulkner v. Faulkner case, supra, are not the same as in the case at bar. Counsel for the parties have failed to cite any Mississippi case or case from any other jurisdiction precisely in point.
The case of IDS Life Insurance Company and InvestorsDiversified Services, Inc. v. Estate of Timothy P. Groshong, etal, 112 Idaho 847, 736 P.2d 1301 (1987) stated: "The view taken by the majority of courts is that a change of beneficiary can be effected without complete compliance with the provisions of the policy regarding notice and endorsement. The courts upholding this view accept substantial compliance as a sufficient standard for determining whether a valid change of beneficiary has been effected. . . . The philosophy behind this view is that the insured's right to change beneficiaries should be given preference over procedural technicalities. . . . The test to establish whether substantial compliance has been satisfied has two prongs: There must be evidence that (1) the insured had determined to change the beneficiary, and (2) that the insured had done eveything to the best of his ability to effect the change."
A Kentucky case, Vaughn v. Baker, 438 S.W.2d 517, is very similar to the case at bar. The Kentucky case held that: "Substantial compliance with life insurance policy's requirements for change of beneficiary is sufficient to effect change of beneficiary." In that case, the insured did not sign any kind of application or form for a change of beneficiary. The court had this to say: "The appellant in the instant case argues that at the very least the insured must have made some kind of written request to the company. We do not see any particular magic in a writing in this situation. Whether an informal request is written or oral goes only to the matter of whether the fact of the making of the request is sufficiently established."
In the case at bar, insured went to the representative of the employer and asked to change beneficiary on all policies. She changed the beneficiary on the accident policy and would have changed the beneficiary on the group policy if the representative of the employer had had the proper form. Considering the two-pronged test set forth in the IDS Life Insurance Company,Investors Diversified Services, Inc. v. Estate of Timothy P.Groshong, et al, supra, there is no question that the insured met the first requirement, that is, she had determined to change the beneficiary. This is shown by her oral request to her employer's representative and the overt action of changing the beneficiary in the accident policy.
The Court likes the reasoning in the Vaughn v. Baker case, supra, wherein the court stated that it could not see any particular magic in a writing in this situation. The court further stated, "Whether an informal request is written or oral goes only to the matter of whether the fact of the making of the request is sufficiently established."
With regard to the second test, "Did the insured do everything to the best of her ability to effect the change?" There is no question that insured requested her employer *Page 601 
for a change of beneficiary. The representative of her employer told insured that she didn't have the proper form and that she would have to order same from the company, although the group policy stated, in part, "You may change your beneficiary at any time by giving notice in writing. The effective date of the change is the date the request is signed." The employer's representative did not notify insured of the aforesaid terms of the policy.
The Court finds that the insured did everything that she knew to do to change the beneficiary. The Mississippi Supreme Court has never passed on this precise point. However, in an equity court, the Court feels that where there is no question that insured had determined to change the beneficiary and made that request to the representative of her employer, equity will regard that as done which ought to have been done.
Therefore, the Court holds that the change of beneficiary to Ellen L. Parker, Sandra Parker and Robert R. Parker, Jr. has been effected and that said parties are entitled to the proceeds of said policy.
Gentlemen, you may prepare a decree, accordingly.
/s/ William E. Bearden, Jr.
Chancellor