# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00557-SCT

*DARYL TICE*

*v.*

*SHAMROCK GMS CORPORATION d/b/a UTLEY REALTY SERVICE*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 04/14/97 |
| TRIAL JUDGE: | HON. ANTHONY THOMAS FARESE |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAMES KIZER JONES |
| ATTORNEY FOR APPELLEE: | WILLIAM G. KEMP |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 4/22/1999 |
| MOTION FOR REHEARING FILED: | 1/28/1999 |
| MANDATE ISSUED: | 4/29/99 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This Court issued a per curiam affirmance of the chancellor's decision in this case on January 14, 1999. Darryl Tice filed his motion to reconsider the Court's ruling, specifically on the issue of damages awarded to Shamrock GMS Corporation, d/b/a/ Utley Realty Service ("Utley"). We conclude, however, that there was no error in the chancellor's findings, and deny Tice's motion to reconsider.

¶2. Tice asserts it was undisputed that the buyer, Tommy Davis, did not become aware of the fact that Tice's property was for sale during the initial term of exclusive listing agreement between Tice and Utley. Tice further argues that the realtor was not entitled to damages because no breach of the contract occurred. He alleges that his conversation with vendor Larry Churchill to solicit Churchill's help in selling the property took place at the end of the contract term and did not constitute a breach of the agreement.

¶3. Contrary to Tice's argument, there does appear to be a disputed issue of fact in this case as to whether the buyer was contacted during the term of the listing agreement. The record reflects conflicting statements regarding when Davis was contacted. The chancellor, we must assume, found the testimony of Stephen Utley, vice president of Utley Realty, to be more credible. "A chancellor sits as a fact-finder and in resolving

factual disputes, is the sole judge of the credibility of witnesses." ***Murphy v. Murphy***, 631 So. 2d 812, 815 (Miss. 1994). The chancellor's findings of fact will not be disturbed unless there is manifest error. ***Bell v. Parker***, 563 So. 2d 594, 596-97 (Miss. 1990). Therefore, Tice's motion to reconsider is denied.

¶4. **MOTION FOR REHEARING DENIED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. COBB, J., NOT PARTICIPATING.**