957 So.2d 440 (2007)
Daniel Athion WATKINS, Appellant
v.
Carlene Kim (Nee: Benson) WATKINS, Appellee.
No. 2005-CA-02247-COA.
Court of Appeals of Mississippi.
May 29, 2007.
*441 Tina M. Scott, Houston, attorney for Appellant.
Rex F. Sanderson, Houston, attorney for Appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. This case involves the order of the Chancery Court of Chickasaw County, First Judicial District, denying Daniel Athion Watkins' motion for termination of separate maintenance and assessing court costs against him. Finding no error with the decision of the chancery court, we affirm.

STATEMENT OF FACTS
¶ 2. This Court has reviewed this case once before. Watkins v. Watkins, 942 So.2d 224 (Miss.Ct.App.2006), reh'g denied, 2005-CA-00257-COA (Miss.Ct.App. Aug. 22, 2006), cert. denied, 942 So.2d 164 (Miss.2006). There, we affirmed the chancellor's December 10, 2004, denial of Mr. Watkins' motion for termination of separate maintenance payments, denial of modification of separate maintenance order, and order of contempt for failure to pay child support, attorneys' fees and court costs. While the former case was pending in this Court, Carlene Kim Benson Watkins filed another complaint seeking to have Mr. Watkins held in contempt for failure to comply with the earlier separate maintenance order and child support order. While at the September 8, 2005 hearing on the matter, Mr. Watkins again moved for the termination of his separate maintenance obligations, arguing a different ground. Mr. Watkins' second motion for termination of his separate maintenance obligation was denied on November 10, 2005 and he was assessed court costs. *442 He now appeals the judgment denying his motion to terminate separate maintenance and assessment of court costs.

STANDARD OF REVIEW
¶ 3. "Our scope of review in domestic relations matters is limited by our familiar substantial evidence/manifest error rule." Ivison v. Ivison, 762 So.2d 329, 333(¶ 10) (Miss.2000). "This Court will not disturb the findings of a Chancellor unless the Chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). With this standard in mind, we look to the issues raised in this appeal.

DISCUSSION
I. WHETHER THE LOWER COURT ERRED IN DENYING MR. WATKINS' MOTION TO TERMINATE SEPARATE MAINTENANCE?
¶ 4. Mr. Watkins moved ore tenus for termination of his separate maintenance obligations before Chancellor Colom, arguing that certain conduct of Mrs. Watkins made it impossible for him to resume cohabitation. More specifically, Mr. Watkins informed the court of an incident in which Mrs. Watkins pointed a gun at him while standing in the doorway of her home. The court took testimony that corroborated Mr. Watkins' factual assertions and requested briefing of the parties on the issue of whether to terminate separate maintenance. Ultimately, the chancellor denied Mr. Watkins' motion for termination, admonishing Mrs. Watkins' behavior, but finding that Mr. Watkins did not make a good faith effort to reconcile with Mrs. Watkins. Mr. Watkins now appeals the chancellor's denial of his motion for termination of separate maintenance, arguing that Mrs. Watkins' conduct during the aforementioned incident prevents Mr. Watkins from ever reconciling, thus barring her entitlement to separate maintenance payments.
¶ 5. As our supreme court recapitulated, the initial purpose of separate maintenance decrees were "to compel the husband to support the wife until he shall restore her to his bed and board." Chapel v. Chapel, 876 So.2d 290, 293(¶ 11) (Miss. 2004) (quoting Garland v. Garland, 50 Miss. 694, 715 (1874)). As the doctrine developed, our supreme court redefined separate maintenance and provided guidelines for the award. In Daigle v. Daigle, 626 So.2d 140, 145 (Miss.1993), the court stated:
"Separate maintenance is a `court-created equitable relief' based upon the marriage relationship." Lynch v. Lynch, 616 So.2d 294, 296 (Miss.1993) (quoting Robinson v. Robinson, 554 So.2d 300, 303 (Miss.1989)). "It is well-established that `[a] decree for separate maintenance is a judicial command to the husband to resume cohabitation with his wife, or in default thereof, to provide suitable maintenance of her until such time as they may be reconciled to each other.'" Lynch, 616 So.2d at 296 (quoting Bunkley & Morse, Amis on Divorce and Separation in Mississippi, § 7.00 (2d ed.1957)).
Termination of such a separate maintenance obligation would be proper "if the husband should, in good faith, offer to cohabit and treat the wife with conjugal kindness." Day v. Day, 501 So.2d 353, 357 (Miss.1987).
¶ 6. In this case, the chancellor found that Mr. Watkins made no attempt to reconcile with Mrs. Watkins. Although it is noteworthy to mention that the incident at issue in this appeal between Mr. and Mrs. Watkins occurred at Mrs. Watkins' home, no testimony was provided indicating that *443 Mr. Watkins was attempting to return to the home for the purpose of resuming cohabitation or reconciliation. In fact, in his brief to this Court, Mr. Watkins admits that during the incident where Mrs. Watkins pointed a gun at him, he was not attempting to move in with the family. Without a showing that Mr. Watkins offered in good faith to return to cohabit, the chancery court's hands were tied in terminating the separate maintenance order. Therefore, we affirm the decision of the chancellor, as this issue is without merit.
II. DID THE LOWER COURT ERR IN ASSESSING MR. WATKINS ALL COURT COSTS ASSOCIATED WITH THE CONTEMPT ACTION ALTHOUGH HE WAS NOT FOUND IN CONTEMPT DUE TO HIS INABILITY TO PAY?
¶ 7. Ruling from the bench at the September 8, 2005 hearing, the chancellor found that Mr. Watkins had proven an inability to pay, so that his non-payment of the judgment against him was not contemptuous. In her ruling, though, the judge made clear that the arrearage owed to Mrs. Watkins still existed, but that Mr. Watkins, having established his inability to pay, would not be held in contempt. With the finding that the arrearage was still owed, court costs were also assessed to Mr. Watkins in a written opinion dated October 3, 2005.
¶ 8. An assessment of court costs is entrusted to the sound discretion of the chancellor. Harris v. Harris, 879 So.2d 457, 465(¶ 35) (Miss.Ct.App.2004). Without a showing of an abuse of discretion, we cannot overrule such a decision. We do not find that the chancellor abused her discretion in assessing court costs against Mr. Watkins, although he was not found in contempt due to his inability to pay the judgment against him.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF CHICKASAW COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.