*782
 
 ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. This appeal concerns whether the Madison County Chancery Court erred in construing Dr. William Patrick Daley and Charlotte Carlton’s property settlement agreement that was incorporated into their irreconcilable differences divorce. The chancellor concluded that the property settlement agreement was unambiguous in providing that Dr. Daley intended to pay the entire mortgage obligation on the former marital home. Dr. Daley claims the chancellor erred. However, after careful consideration, we find no error and affirm the chancellor’s judgment.
 

 FACTS
 

 ¶ 2. Dr. Daley and Carlton were married for approximately eighteen years. They executed a property settlement agreement into their irreconcilable differences divorce. Carlton’s attorney drafted the agreement, and Dr. Daley signed it without legal representation. This appeal focuses on paragraph V of that agreement, which states:
 

 [Dr. Daley] agrees to pay alimony to [Carlton] in the amount of Eight Hundred Ninety Eight ($898.55) Dollars and Fifty-Five Cents, until such time as the mortgage on the property ... is fully satisfied, said amount representing the amount of the monthly mortgage payment. [Dr. Daley] and [Carlton] agree that any additional and/or pre-paid alimony paid by [Dr. Daley] to [Carlton] is to be applied fully and solely to the mortgage balance, it being the intent of the parties that any funds paid over the regular monthly payment are for the purpose of accelerating the payoff of the mortgage debt.
 

 To be precise, the particular language at issue is the statement “until such time as the mortgage is fully satisfied.” The mortgage on the marital home had a balloon payment of $142,268.41 that became due in May 2008. Carlton took the position that Dr. Daley was obligated to pay the balloon payment. Dr. Daley disagreed.
 

 ¶ 3. Carlton filed a motion to interpret the property settlement agreement. The chancellor conducted a hearing on Carlton’s motion. Carlton testified that she and Dr. Daley had two assets: the marital residence and Dr. Daley’s medical degree. She further testified that Dr. Daley did not work while he attended medical school; therefore, she worked outside the home to support them. At the time of the divorce, Carlton’s net monthly income was $180.58, and Dr. Daley’s was $7,765.05. According to Carlton, Dr. Daley requested that he be allowed to pay the entirety of the mortgage in lieu of paying her alimony. Carlton also testified that Dr. Daley wanted to take advantage of the tax deduction for mortgage interest. Finally, Carlton testified that Dr. Daley agreed to obtain a life insurance policy with a benefit of $150,000, which was intended to cover the value of the marital residence.
 

 ¶ 4. Conversely, Dr. Daley testified that he only intended to pay the mortgage on the marital home until the mortgage matured and the balloon payment accrued. According to Dr. Daley, he never intended to be held responsible for paying any portion of the balloon payment. Dr. Daley testified that although he agreed to procure life insurance for the full value of the former marital home, he did not believe he was obligated to pay anything once the balloon payment became due.
 

 ¶ 5. When the chancellor entered her opinion and final judgment, she interpreted the property settlement agreement in Carlton’s favor. Specifically, the chancellor found as follows:
 

 This Court agrees with Dr. Daley that the language of [the agreement] is am
 
 *783
 
 biguous to the extent that it does not address how a balloon note that would become due in four (4) years would be paid. However, the intent of the parties is clear and unambiguous when examining [the agreement] in its entirety. Paragraph V cited above provides that any additional payment is to be applied “fully and solely to the mortgage balance, it being the intent of the parties that any funds paid over the regular monthly payment are for the purpose of accelerating the payoff of the mortgage debt.” Further, Paragraph VI reads:
 

 The Husband and Wife agree that each waives any and all claims in the other’s life insurance plans, if any. Excepting that Husband agrees to provide a life insurance plan on his life specifically for the purpose of paying off the balance of the mortgage on the property ... in the event of his death.
 

 After reviewing the agreement in its entirety and the applicable case law, this Court finds that the parties intended Ms. Carlton to receive the former marital home free and clear of any mortgage debt.
 

 Aggrieved, Dr. Daley appeals.
 

 ANALYSIS
 

 ¶ 6. The standard of review applicable to a chancellor’s construction and enforcement of a property settlement agreement is well settled. An appellate court “will not disturb the findings of a Chancellor unless the Chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Bell v. Parker,
 
 563 So.2d 594, 596-97 (Miss.1990). However, a property settlement agreement is a contractual obligation.
 
 East v. East,
 
 493 So.2d 927, 931-32 (Miss.1986). Contract interpretation is a question of law and is reviewed de novo.
 
 Warwick v. Gautier Util. Dist.,
 
 738 So.2d 212, 215(¶ 8) (Miss.1999). A court may not go beyond the text to determine the parties’ true intent unless the contract is unclear or ambiguous.
 
 Turner v. Terry,
 
 799 So.2d 25, 32(¶ 17) (Miss.2001). “The mere fact that the parties disagree about the meaning of a contract does not make the contract ambiguous as a matter of law.”
 
 Id.
 
 (quoting
 
 Cherry v. Anthony,
 
 501 So.2d 416, 419 (Miss.1987)).
 

 ¶ 7. We first look to the agreement itself. Pursuant to paragraph V, Dr. Daley was obligated to pay the mortgage until it was “fully satisfied.” Nothing in the record indicates how the mortgage could be “fully satisfied” without paying the balloon payment. By way of his appellate brief, Dr. Daley admits that he knew about the balloon payment when he signed the property settlement agreement. However, the chancellor found that the property settlement agreement is silent regarding which party bore the responsibility of paying the balloon payment. Therefore, the chancellor found that paragraph V was ambiguous in that regard. The chancellor’s conclusion is not inconsistent with the literal wording of paragraph V. Therefore, we find that the chancellor did not err in finding paragraph V to be ambiguous.
 

 ¶ 8. Be that as it may, the chancellor did not find that the agreement was ambiguous as to the parties’ intent regarding the balloon payment. Rather, the chancellor found that, viewing the four corners of the property settlement agreement in its entirety, the agreement unambiguously provided that Dr. Daley would pay the full amount of the mortgage. Paragraph VI required that Dr. Daley obtain life insurance with a benefit amount that would fully satisfy the mortgage. According to the chancellor, paragraph VI would be meaningless unless Dr. Daley intended to obligate himself for the full value of the mortgage-including the balloon payment.
 
 *784
 
 Thus, the chancellor found the agreement was not ambiguous, and it was unnecessary to consider any parol evidence. We agree with the chancellor. It would be nonsensical for Dr. Daley to voluntarily obligate himself to obtain life insurance for the full amount due under the mortgage if he were not intending to obligate himself for this amount. Accordingly, we affirm the judgment of the chancery court.
 

 ¶ 9. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR.