# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60228
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2022

Lyle W. Cayce
Clerk

STATE FARM LIFE INSURANCE COMPANY,

*Plaintiff*,

*versus*

C. K., *care of* LOSHANDRA KING, *natural mother and guardian of* C.K.,

*Defendant—Appellee*,

*versus*

LOSHANDRA KING,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-50

---

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-60228

State Farm filed an interpleader action to determine who should receive the proceeds of Willie Earl King's life insurance policy. In this appeal, Appellant Loshandra King, Willie's former wife, challenges the district court's grant of summary judgment in favor of Appellee C.K., their minor child. For the reasons set forth below, we AFFIRM.

## I.

Willie and Loshandra married in 2004 and had a child together, C.K. During their marriage, Willie purchased a life insurance policy from State Farm and designated several individuals as beneficiaries, including Loshandra and C.K. In 2011, Willie and Loshandra separated. The next year, Willie submitted a change of beneficiary form, reducing the amount of life insurance proceeds designated for Loshandra. Two years later, Willie and Loshandra divorced.

In 2020, Mississippi enacted a new statute governing when an ex-spouse may receive the life insurance benefits of a deceased. *See* Miss. Code Ann. § 91-29-23. Under this provision, a pre-divorce designation of a spouse as a beneficiary under a life insurance policy is invalid unless certain exceptions apply. *See id.* Despite § 91-29-23's enactment, Willie made no attempt to redesignate Loshandra as his beneficiary, and he passed away later that year.

Upon Willie's death, Loshandra and the other beneficiaries each submitted life insurance claims for benefits under the policy. State Farm paid out the life insurance proceeds to the other named beneficiaries. However, unsure of the effect of § 91-29-23, State Farm withheld payment of the proceeds Willie had once designated for Loshandra, and then filed this

interpleader suit. State Farm paid the remaining life insurance funds into the court's registry.[1]

C.K. moved for summary judgment, arguing that under § 91-29-23, Willie and Loshandra's divorce invalidated Willie's designation of Loshandra as a beneficiary. The district court agreed, granting summary judgment in favor of C.K. and denying Loshandra's subsequent motion for reconsideration. Loshandra timely appealed.

## II.

We review a district court's grant of summary judgment de novo. *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We resolve all doubts and draw all reasonable inferences in favor of the nonmovant. *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010).

The primary issue on appeal is whether Willie and Loshandra's divorce invalidated the designation of Loshandra as a beneficiary. Under § 91-29-23, "a provision in [an insurance] policy in favor of the insured's former spouse is not effective" if the parties subsequently divorce "after an insured has designated the insured's spouse as a beneficiary." MISS. CODE ANN. § 91-29-23. This general rule is subject to only a few exceptions—a designation is still valid if: (1) the divorce "decree designates the insured's former spouse as the beneficiary"; (2) "[t]he insured redesignates the former spouse" after the divorce decree; or (3) "[t]he former spouse is designated to receive the proceeds in trust." *Id.* If, however, none of the

---

[1] The court subsequently dismissed State Farm from the suit.

exceptions apply, a designation is deemed ineffective, and "the proceeds of the policy are payable to . . . the estate of the insured." *Id.*

Applying the statute to the facts here, we agree that § 91-29-23 plainly invalidates Loshandra as a beneficiary. It is undisputed that Willie named Loshandra as a beneficiary in 2012 prior to their divorce. Moreover, none of the exceptions set forth in § 91-29-23 are applicable—the divorce decree did not redesignate Loshandra as a beneficiary, Willie took no affirmative steps to redesignate Loshandra post-divorce, and there's no evidence that Loshandra was designated to receive the proceeds in trust for the benefit of a child. *See id.* Because none of the exceptions apply, we agree with the district court that the divorce rendered Willie's prior designation of Loshandra invalid.

Loshandra's arguments to the contrary are unavailing. She first contends that State Farm somehow waived § 91-29-23's requirements by filing this interpleader action. Loshandra relies on *Bell v. Parker*, 563 So. 2d 594 (Miss. 1990). In *Bell*, an insured individual attempted to change the beneficiary of her life insurance policy through an oral request, even though the insurance policy clearly required such a request to be made in writing. *Id.* at 595–96. The Mississippi Supreme Court held that the insured had substantially complied with the policy because she (1) had demonstrated an intent to change the beneficiary and (2) did everything within her capability to effectuate that change. *Id.* at 598–99. It therefore upheld the oral designation. *Id.*

Nothing in *Bell* supports Loshandra's argument here. For one, although the trial court noted that the insurer may have waived the policy's requirements by filing the interpleader action, the appellate court did not reach any such holding on waiver. *See generally id.* More importantly, though, the issue in *Bell* was whether the insured individual had substantially

complied with the requirements of the *insurance policy*—not, as is at issue here, *statutory requirements* for designation of beneficiaries. *See id.* at 598. Understandably, an insurance company can waive its own rules, but nothing in *Bell* stands for the proposition that an insurance company can waive *statutory* requirements for designation by filing an interpleader action. Such a view would be illogical, and Loshandra fails to cite to any other authority supporting such a conclusion.

Loshandra next argues that the district court erred by applying a "strict compliance" standard, and Willie's "substantial compliance" with § 91-29-23 was sufficient to preserve Loshandra's status as beneficiary. This argument too fails. This is not a case of strict compliance versus substantial compliance. Rather, there's simply no evidence at all that Willie took *any* steps to redesignate Loshandra as his beneficiary following their divorce (or even while the joint complaint for divorce that they filed which resulted in the ultimate divorce was pending) and the enactment of § 91-29-23. *Cf. Murdock v. Equitable Life Assurance Soc'y*, 714 F.2d 474, 477 (5th Cir. 1983) (concluding that there was substantial compliance when the insured "did everything he could do to change the named beneficiary of his policy.").

Finally, Loshandra asserts that the divorce did not invalidate the designation because Willie designated her as a beneficiary after they separated. This argument lacks any statutory support—nothing in § 91-29-23 depends on the date of separation, only the date of a "decree of divorce." Miss. Code Ann. § 91-29-23. We must give effect to the intent of the legislature and the plain words of the statute. *See Marlow, L.L.C. v. BellSouth Telecomm., Inc.*, 686 F.3d 303, 307 (5th Cir. 2012). Because Willie's designation of Loshandra is plainly invalidated under § 91-29-23, we conclude that summary judgment was warranted.

AFFIRMED.